IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-349-D

| | |
|---|---|
| NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., DENISE PAYNE, and JACKIE BLUE, | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| BIG LOTS STORES, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

On January 15, 2013, National Alliance for Accessibility, Inc. ("National Alliance"), Denise Payne ("Payne"), and Jackie Blue ("Blue") (collectively "plaintiffs") filed an amended complaint, alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–89, against Big Lots Stores, Inc. ("Big Lots") [D.E. 26]. On January 31, 2013, Big Lots moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing and Rule 12(b)(6) for failure to state a claim [D.E. 27–28]. Plaintiffs responded in opposition to the motion to dismiss [D.E. 30] and Big Lots replied [D.E. 31]. As discussed below, the court grants the motion to dismiss for lack of standing as to Payne and grants the motion to dismiss the complaint for failure to state a claim.

Motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) involve fundamentally different inquiries. See Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452 (4th Cir. 2012). The court must address first the motion under Rule 12(b)(1) that plaintiffs lack standing because it implicates the court's jurisdiction. See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). The court is very familiar with Article III's standing requirements and the governing

standard. The relevant facts of this case are essentially indistinguishable from other recent cases involving Payne that were dismissed for lack of standing. See, e.g., Nat'l Alliance for Accessibility, Inc. v. Big Lots Stores, Inc., No. 5:11-CV-741-FL, 2012 WL 3835870, at *3–4 (E.D.N.C. Sept. 4, 2012) (unpublished); Payne v. Sears, Roebuck & Co., No. 5:11-CV-614-D, 2012 WL 1965389, at *2–8 (E.D.N.C. May 31, 2012) (unpublished). Following the reasoning in those cases, Payne lacks standing to pursue claims against Big Lots. As for Blue, however, Blue has alleged sufficient facts to establish standing. See, e.g., Daniels v. Arcade, L.P., 477 F. App'x 125, 128–31 (4th Cir. 2012) (unpublished). Because Blue has alleged that she is a National Alliance member, see Am. Compl. ¶ 15, and Blue has standing, the court concludes that National Alliance also has representative standing. See, e.g., Payne, 2012 WL 1965389, at *9.[1] Accordingly, the court grants Big Lots's motion to dismiss pursuant to Rule 12(b)(1) as to Payne but denies the motion as to Blue and National Alliance.

The court now addresses Big Lots's motion to dismiss pursuant to Rule 12(b)(6). In analyzing a motion to dismiss under Rule 12(b)(6), a court must determine whether the complaint is legally and factually sufficient to state a plausible claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual

_____

[1] National Alliance's suit against Big Lots to enforce ADA compliance appears to be the consummation of the organization's purpose. Thus, National Alliance has not alleged an injury to the organization itself and therefore lacks organizational standing. See, e.g., Goldstein v. Costco Wholesale Corp., 278 F. Supp. 2d 766, 769–72 (E.D. Va. 2003) (discussing distinction between organizational standing and representational standing); Clark v. Burger King Corp., 255 F. Supp. 2d 334, 344–45 (D.N.J. 2003) (same).

2

enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); see Iqbal, 556 U.S. at 678–79. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79.

The allegations attributable to Blue in the amended complaint are not factually sufficient to state a claim for relief. The amended complaint alleges that "Blue has encountered architectural barriers at the subject property. The barriers to access at the property have endangered her safety." Am. Compl. ¶ 15. These allegations are "legal conclusions" and "bare assertions devoid of further factual enhancement." Nemet Chevrolet, 591 F.3d at 255. The amended complaint provides no facts about how Blue encountered these architectural barriers or even the nature of the barriers. Although the amended complaint lists alleged ADA violations at Big Lots's property, these alleged violations derived from a "preliminary inspection" that is not linked to Blue. See Am. Compl. ¶ 21. Thus, the amended complaint does not contain sufficient facts for Blue to state a claim. See, e.g., Nat'l Alliance for Accessibility, Inc. v. Millbank Hotel Partners, Civil Action No. RDB 12-3223, 2013 WL 653955, at *6 (D. Md. Feb. 20, 2013) (unpublished); Nat'l Alliance for Accessibility, Inc. v. Annapolis Plaza, LLC, Civil No. JKB-12-1866, 2013 WL 245771, at *1–2 (D. Md. Jan. 18, 2013) (unpublished). Similarly, the amended complaint does not contain sufficient acts for National Alliance to state a claim.

To bolster the amended complaint, Blue relies upon factual allegations contained in a supplemental affidavit attached to plaintiffs' response in opposition to the motion to dismiss. See [D.E. 30] 14–15; [D.E. 30-1]. The facts raised in this affidavit are "beyond the pleadings and cannot be considered on a Rule 12(b)(6) motion." E.I. Du Pont De Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 449 (4th Cir. 2011); see United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.,

3

707 F.3d 451, 458–60 & nn.8 & 9 (4th Cir. 2013). Thus, the court declines to consider the factual allegations in Blue's affidavit attached to plaintiffs' response brief in evaluating whether the amended complaint states a claim. Accordingly, the court dismisses the amended complaint for failure to state a claim.

In sum, the court GRANTS Big Lots's motion to dismiss [D.E. 27] and DISMISSES the amended complaint without prejudice. The court WARNS plaintiffs that they will be permitted only one more attempt to amend their complaint. Plaintiffs must file any (second) amended complaint by April 26, 2013. Big Lots will be permitted to respond in accordance with Federal Rule of Civil Procedure 15.

SO ORDERED. This _9_ day of April 2013.

JAMES C. DEVER III
Chief United States District Judge

4